UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON BRUCE BRADLEY                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:17CV279-RHW

STEPHEN RICHARDSON
and JIM CAZZELL                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Bruce Bradley, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging various constitutional violations in connection with an arrest that occurred on December 30, 2014. Plaintiff has sued Defendants Stephen Richardson and Jim Cazzell in their individual and official capacities. At the time of the incident, Defendants were officers in the Gautier Police Department. Plaintiff has alleged (1) illegal arrest and seizure; (2) excessive force; (3) due process violations; (4) Fifth Amendment violation; and (5) Double Jeopardy clause violation. By order dated April 12, 2018, the Court dismissed Plaintiff's claims against Defendants City of Gautier and the Gautier Police Department. Doc. [19]. These claims included alleged violations of the Double Jeopardy Clause, Plaintiff's right to counsel, and Plaintiff's right to an impartial jury. Plaintiff's only remaining claims against Officers Richardson and Cazzell are for illegal arrest/seizure and excessive force incident to the arrest.

The Court conducted a screening hearing on October 18, 2018, at which time the parties consented to proceed before a United States Magistrate Judge. Defendants Richardson and Cazzell have filed two motions for summary judgment. Their first motion for summary judgment raises the defense of qualified immunity. Doc. [37]. The second motion for summary

judgment requests dismissal of Plaintiff's complaint as to all claims. Doc. [39]. Plaintiff has not filed a response in opposition to either motion.

**Factual Background**

On December 30, 2014, the Gautier Police Department received a phone call requesting a welfare check at the residence of Hannah Pittman. The Police Department had been advised that Plaintiff was also at the residence. Officer Richardson was dispatched to conduct the welfare check. Prior to arriving, Officer Richardson had been advised that a warrant had issued for Plaintiff's arrest. Although Officer Richardson did not know the basis for the arrest warrant, the record demonstrates that Plaintiff had an outstanding arrest warrant for failure to appear in Gautier Municipal Court relating to a speeding ticket. At the screening hearing, Plaintiff admitted that he had received a ticket for speeding in a school zone and that he had been scheduled to appear in court prior to December 30, 2014. He further admitted that he missed the court date.

When Officer Richardson arrived at the residence, he knocked on Ms. Pittman's front door. She answered the door and seemed distressed, according to Officer Richardson. She was crying and her hands were shaking. Officer Richardson questioned Ms. Pittman. Plaintiff was standing behind Ms. Pittman and, according to Officer Richardson, was clearly agitated. At one point, Plaintiff instructed Ms. Pittman to stop answering Officer Richardson's questions. According to Officer Richardson, Plaintiff moved towards the door in what appeared to be an attempt to shut it. Officer Richardson instructed Plaintiff to sit down on the couch. As Plaintiff walked towards the couch, Officer Richardson observed what appeared to be a wallet in Plaintiff's back pocket. Officer Richardson asked Plaintiff for his driver's license. Plaintiff refused and stated he did not have his driver's license or any identification on him. At the

screening hearing, Plaintiff admitted that in fact he did have his driver's license on him at the time of the encounter with Officer Richardson but that he purposefully refused to comply with the request to produce it.

Officer Richardson next asked Plaintiff for his name and social security number. At the screening hearing, Plaintiff admitted that he gave an incorrect name and social security number to Officer Richardson. Officer Richardson informed Plaintiff he knew his true identity. He further informed Plaintiff that a warrant had issued for his arrest. According to Officer Richardson, Plaintiff became agitated and aggressive and began to raise his voice.

At about this time, Officer Jim Cazzell arrived at the residence. Officer Cazzell spoke with Ms. Pittman, who identified Plaintiff as Jason Bruce Bradley. The Officers observed Plaintiff sitting on the couch. They informed him a warrant had issued for his arrest and instructed him to place his hands behind his head. Plaintiff refused to comply. Plaintiff told the Officers he knew his rights, demanded an attorney, and instructed Ms. Pittman to call an attorney. At the screening hearing, Plaintiff testified "[t]he officers continued to keep pushing at me for them to find out who I was, and I really wasn't giving them no information. I told them I wanted a lawyer."

Officer Cazzell instructed Officer Richardson to draw his taser. After drawing his taser, Officer Richardson informed Plaintiff he would use the taser if Plaintiff remained noncompliant. Officer Richardson attempted to fire the taser, but it malfunctioned. The Officers then attempted to handcuff Plaintiff. Plaintiff resisted efforts to handcuff him. At the screening hearing, Plaintiff admitted he was not giving the Officers anything he had and that he "scuffled" with the Officers. The Officers eventually wrestled Plaintiff to the ground and placed him in handcuffs. Plaintiff stated the incident "all happened so quick". Plaintiff further testified that officers put

3

their knees in his back while they were handcuffing him.  Plaintiff was transported to the Gautier Police Department for booking.  While being booked, Plaintiff complained of back pain.  He was transported by ambulance to Ocean Springs Hospital.  At the screening hearing, Plaintiff testified he could not remember what the doctor told him about his back injury.  According to the medical records, Plaintiff's back revealed mild tenderness, but he was in no acute distress.  A chest x-ray proved unremarkable, and there was no indication of visible injuries.  He was diagnosed with back pain "secondary to fighting".  He received a Toradol injection and a muscle relaxant pill.  Plaintiff testified that he has problems off and on with his lower back to this day.

After booking, Plaintiff was charged with resisting arrest and presenting false identifying information, in violation of Miss. Code Ann. §§ 97-9-73 and 97-9-79.  On January 5, 2015, The Gautier Municipal Court found Plaintiff guilty of speeding in a school zone.  On January 26, 2015, Plaintiff was tried and convicted of resisting arrest and presenting false identifying information.  At the screening hearing, Plaintiff admitted to being convicted on these three charges.  He also admitted he did not appeal the convictions for resisting arrest and presenting false identification.  As a result of these convictions, the Jackson County Circuit Court revoked Plaintiff's supervised release and sentenced him to serve the balance of a 2004 conviction and sentence for sexual battery.  Plaintiff was placed in custody of the Mississippi Department of Corrections (MDOC).  MDOC medical records are silent regarding back pain related to the December 30, 2014, encounter with Officers Richardson and Cazzell.  At the screening hearing, Plaintiff admitted that the only medical record referencing back pain associated with the incident would be from Ocean Springs Hospital.  He further admitted that MDOC doctors did not attribute any of his back pain to the December 2014 incident.

## **Law and Analysis**

### **Standard of Review**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

**Illegal Arrest/Seizure**

Plaintiff alleges that Officers Richardson and Cazzell performed an illegal arrest or seizure in violation of the Fourth Amendment. Based on his testimony at the screening hearing, Plaintiff primarily complains that the Officers did not display an arrest warrant during the encounter and arrest. At issue is whether Defendants are entitled to qualified immunity in effecting the arrest of Plaintiff.

Qualified immunity analysis is a two-step inquiry. *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). First, the Court must determine whether the Plaintiff has alleged a violation of a constitutional right. *Id.* Second, if the plaintiff has alleged a constitutional violation, the Court must decide whether the conduct was objectively reasonable in light of clearly established law. *Id.* The relevant inquiry is whether, when viewed in the light most favorable to the plaintiff, it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to underlying intent or motivation, then he is entitled to qualified immunity. *Ramirez v. Knoulton*, 542 F.3d 124, 128-29 (5th Cir. 2008). Because qualified immunity has been deemed a question of law, the Supreme Court has directed lower courts to adjudicate qualified immunity claims on summary judgment. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

To prevail on a § 1983 claim for false arrest, Plaintiff must show that he was arrested without probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause is present "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Vance v. Nunnery*, 137 F.3d 270, 276 (5th Cir. 1998)

(quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir. 1996)). A law enforcement official who reasonably but mistakenly concludes that probable cause is present is entitled to immunity from liability. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

In this case, Defendants are insulated from liability because Plaintiff was arrested pursuant to a facially valid arrest warrant. *See Malley v. Briggs*, 475 U.S. 335 (1986). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982). Prior to arriving at the residence, Officer Richardson was informed that Plaintiff had an outstanding arrest warrant. Defendants provided a copy of the arrest warrant in conjunction with their summary judgment motion. Although Plaintiff argues the arresting officers did not display the arrest warrant, nowhere in his testimony does he dispute the validity of the arrest warrant.

Defendants also possessed probable cause to arrest Plaintiff for giving false identifying information and resisting arrest. The Officers' affidavits demonstrate probable cause. They stated that Plaintiff provided them with a false name and social security number. They also stated that Plaintiff resisted efforts to place him in handcuffs. Plaintiff's testimony essentially corroborates the Officers' affidavits. Plaintiff admitted that he refused to provide the arresting officers with correct identifying information. In fact, he admitted that he gave the Officers an incorrect name and social security number. Plaintiff admitted to "scuffling" with the Officers when they attempted to place him in handcuffs. Based on the foregoing, the Officers decision to arrest Plaintiff was objectively reasonable

To the extent that Plaintiff alleges an improper arrest or conviction with respect to the charges against him, he has not satisfied the dictates of *Heck v. Humphrey*, 512 U.S. 477 (1994) because he has not alleged that his conviction has been invalidated. Plaintiff entered a guilty

7

plea on the speeding violation.  He was tried and convicted on both of the charges stemming from his encounter with the Officers on December 30, 2014.  At the screening hearing, he admitted he was tried and found guilty for resisting arrest and giving false identifying information.  Plaintiff made vague references to the federal courts "looking into" or "investigating" the underlying convictions; however, he has not presented any competent summary judgment to refute Defendants' contention that his claim is barred by *Heck*.

**Excessive Force**

Plaintiff did not specifically allege in his complaint that Officers Richardson and Cazzell used excessive force in arresting him.  He testified that he sustained a lower back injury resulting from the "scuffle" with the Officers during the arrest.  This injury apparently occurred when the officers put their knees in Plaintiff's back while placing Plaintiff in handcuffs.  At issue is whether Defendants are entitled to qualified immunity based on the reasonableness of their use of force in arresting Plaintiff.

In order to state a claim for excessive force, the plaintiff must establish (1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.  *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).  When determining whether a defendant used excessive force, the core inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998).  Some of the relevant objective factors in the inquiry regarding the application of force include (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the defendant; and (5) any efforts made to temper the severity of the forceful response.  *Id.* at 838-39.  An officer is

protected by qualified immunity even when he reasonably, but mistakenly, believed the circumstances justified using more force than in fact was needed. *Saucier*, 533 U.S. at 204-05.

Here, the essential facts are not in dispute. The affidavits of the Officers and Plaintiff's testimony demonstrate that he refused to comply with direct orders from the officers. According to the Officers, they instructed Plaintiff to put his hands behind his head, but he refused to comply. Plaintiff does not offer any testimony or evidence to dispute this allegation. The Officers then handcuffed Plaintiff. According to the Officers, Plaintiff resisted their efforts to place him in handcuffs. Plaintiff admits he "scuffled" with the Officers during this encounter. Plaintiff does not offer any evidence disputing whether he resisted the Officers attempt to handcuff him. According to Plaintiff, the Officers put their knees into his back while placing handcuffs on him. Other than the Officers putting their knees in his back, Plaintiff does not allege any other specific act of force against him. Ultimately, Plaintiff was charged, tried, and convicted of resisting arrest as a result of this "scuffle" with the Officers. Based on the foregoing, the Court concludes that the Officers used a reasonable amount of force in a good-faith effort to maintain order; therefore, they are entitled to qualified immunity.

**Due Process**

Throughout his complaint, Plaintiff alleges in vague terms that his due process rights were violated. To the extent his due process claims implicate the judicial proceedings against him arising out of the December 30, 2014 incident, the Court previously dismissed these claims. Plaintiff's due process claims do not relate directly to any conduct by Officers Richardson and Cazzell. In fact, Plaintiff does not allege any specific facts to support a claim that Officers Richardson and Cazzell violated his due process rights.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [37] [39] Motions for Summary Judgment are GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint is dismissed with prejudice as to all claims and all Defendants.

SO ORDERED AND ADJUDGED, this the 14th day of November 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE